[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 26, 2006**
**THOMAS K. KAHN**
**CLERK**

No. 05-12328
Non-Argument Calendar
_____

D. C. Docket No. 01-00007-CR-DF-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALTON EDWIN HILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(January 26, 2006)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alton Edwin Hilton, a federal prisoner, proceeding pro se, appeals the

district court's denial of his Federal Rule of Civil Procedure 60(b) motion for relief from his prior habeas judgment. On appeal, Hilton argues that the plea sheet the district court relied on to uphold his sentence under 18 U.S.C. § 924(e) was fraudulent because it contained a backward and unsigned seal. Hilton also maintains that the court should not have looked to his indictment and plea sheet to determine whether his underlying conviction was a violent felony for purposes of classification as an armed career criminal. Hilton further contends that "someone" deliberately falsified the plea sheet in his prior state conviction, and thus the court relied on a fraudulent document to deny his 28 U.S.C. § 2255 petition.

We review the district court's denial of a motion for relief under Fed.R.Civ.P. 60(b) for an abuse of discretion. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). Rule 60(b) states, in relevant part, "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party . . . ." Fed.R.Civ.P. 60(b)(3).

First, under Gonzalez v. Crosby, ___ U.S. ___, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), Hilton's Rule 60(b) motion should not be construed as an application

2

to file a second or successive habeas petition because Hilton's motion alleges fraud on the district court, thereby attacking the "integrity of the federal habeas proceedings," as opposed to attacking the merits of the court's previous habeas decision. See Gonzalez, ___ U.S. at ___, 125 S.Ct. at 2648 n.5 (explaining that alleging fraud in a Rule 60(b) motion attacks a defect in the integrity of the federal habeas proceedings and, thus, is not barred by the restriction of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-32, 110 Stat. 1214 (1996)).

Even though Hilton's Rule 60(b) motion is not barred by the restrictions of the AEDPA, his motion is still due to be denied for several reasons, one of which is that the district court has decided the precise issues against Hilton on several previous occasions, and Hilton has wholly failed to demonstrate any basis for further reconsideration. Hilton should understand this case is over.

Accordingly, we affirm the district court's denial of Hilton's Rule 60(b) motion.

**AFFIRMED.**